# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### George P. MONGROO
### Fireman, U.S. Coast Guard

### CGCMG 0193

### Docket No.  1204

### 31 January 2005

General Court-Martial convened by Commander, First Coast Guard District. Tried at, Boston, Massachusetts, on 13 August 2003.

| | |
|---|---|
| Military Judge: | COL Denise K. Vowell, USA |
| Trial Counsel: | LT Christopher F. Coutu, USCG |
| Assistant Trial Counsel: | LT Bowen C. Spievack, USCG |
| Defense Counsel: | LT Trey D. Tankersley, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL NINE
## BAUM, McCLELLAND, & TEAL
Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of making a false official statement, in violation of Article 107, Uniform Code of Military Justice (UCMJ); one specification of assault with a dangerous weapon, a baseball bat, in violation of Article 128, UCMJ; and one specification of making a false distress call, in violation of Article 134, UCMJ.

The military judge sentenced Appellant to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to E-1.  The Convening

Authority approved the sentence as adjudged but suspended confinement in excess of thirteen months for six months from the date sentence was adjudged pursuant to the terms of the pretrial agreement.

Before this Court, Appellant asserts that the convening order is ambiguous as to whether the Convening Authority, an officer authorized to convene general courts-martial, intended to convene a general court-martial or a special court-martial despite the convening order's caption as a general court-martial convening order, the supporting Article 32, UCMJ, investigation and Article 34, UCMJ, recommendation of the staff judge advocate. Appellant bases his assertion on the cited authority for convening the Court, as Article 23, UCMJ, which is the statutory authority for convening a special court-martial. The Government submits that the reference to Article 23, UCMJ in the convening order is merely a scrivener's error, with which we agree. We believe the record clearly indicates that the Convening Authority intended referral to a general court-martial, to which no objection was interposed by Appellant at trial. We reject Appellant's assertion of ambiguity in this regard.

Appellant notes that the promulgating order was not dated, and states that Appellant is entitled to a promulgating order that correctly reflects the date of the Convening Authority's action. As a result, he contends that the Court should direct the publication of a corrected order. Appellant acknowledges that the Convening Authority's action in a separate document is dated 26 January 2004, and the Government, citing Rule for Court-Martial (R.C.M.) 1114(c)(2), Manual for Courts-Martial, United States, (2002 ed.) and the unpublished decision of *United States v. Johnson*, No. NMCM 94 01960, 1995 WL 934948 (N.M.Ct.Crim.App. Apr. 19, 1995), contends that we can presume that to be the date of the promulgating order. We agree and will take no action with respect to the promulgating order.

In his final assertion, Appellant submits that the military judge did not explain the pretrial agreement provision which is characterized as a request and approval of deferment of the portion of confinement to be suspended, to run from the date the accused is released from confinement until the date of the Convening Authority's action. As corrective action, Appellant requests that we affirm only thirteen months confinement. In response, we note that there is no confinement

left that would be affected by such action, since pursuant to the terms of the pretrial agreement, the Convening Authority suspended confinement in excess of thirteen months for six months, with the suspension running from the date sentence was adjudged.   Appellant was confined when this action was taken and by the time he was released from confinement the period of suspension had run and the suspended portion of confinement should have been remitted.  It should have been obvious to the military judge that this would happen and that under the circumstances there was nothing to be gained by explaining a deferment clause to Appellant. Accordingly, we find no merit to Appellant's final assertion and his requested corrective action.

We have reviewed this case in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings and sentence approved and partially suspended below are affirmed.



For the Court,


Roy Shannon Jr.
Clerk of the Court